**ORIGINAL**

MOHAMMED ABUZIR[1]
A95-700-812
San Diego Detention Center (CCA)
PO Box 439049
San Ysidro, CA 92143-9049

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ABUZIR, [A95-700-812], | Civil Action No. |
| Petitioner, | |
| v. | PETITION FOR WRIT OF HABEAS CORPUS |
| MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN GARZON, OFFICER-IN-CHARGE, | [28 U.S.C. § 2241] |
| Respondents. | |

I.

**INTRODUCTION**

The petitioner, Mohammed Abuzir, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

///

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained under respondents' behest and supervision at the detention facility in San Ysidro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The petitioner is a Palestinian refugee, who was born in the Kingdom of Jordan. The petitioner has been ordered removed by the respondents, for failing to adhere to the conditions of his visa. However, respondents have been unsuccessful for over a year in obtaining travel documents allowing petitioner to be returned to either Israel or Jordan, who do not recognize him as a national of those countries. Since petitioner cannot be removed to his destination country or any other alternate country, he is being held by the respondents based

upon a misconstrual of their statutory authority to indefinitely detain non-removable aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

The petitioner was born in Amman-Ashrafeya, Jordan, on October 24, 1985. He came to the United States in 2003, when he was 17 years old on a tourist visa, which he change to a student F-1 visa after arrival.

The petitioner was served with a Notice to Appear dated September 25, 2006, alleging he had failed to maintain a full course of study as required by his visa. <u>See</u> Appendix A attached hereto. He was ordered removed to Jordan on October 30, 2006. <u>See</u> Appendix B attached hereto. Petitioner waived appeal. <u>See id.</u> His order of removal therefore became final as of that date. <u>See</u> 8 C.F.R. § 1241.1(b) (removal order final if alien waives appeal).

Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") since **September 25, 2006**. ICE conducted a Post-Order Custody review and decided on **March 27, 2007**, to continue detention, claiming petitioner was a danger to the community. <u>See</u> Appendix C attached hereto. A subsequent review by the Headquarters Post-Order Custody Unit denied release on **July 5, 2007**, alleging that travel documents to Jordan or Egypt were imminent. <u>See</u> Appendix D attached hereto. However, petitioner is not a national of either of those countries, and both Israel and Jordan have refused petitioner's repatriation. Thus, petitioner remains in custody, although there is **no significant likelihood he can be removed** by ICE to his ordered destination or any alternative destination in the reasonably foreseeable future.

IV.

ARGUMENT

**THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. <u>See</u> 8 U.S.C.

§ 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months after the statutory removal period has ended*") (emphasis in original). When a deportable alien "provides *good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold

someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. However, Zadvydas held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal from the United States. Zadvydas, 533 U.S. at 699. When that removal is no longer foreseeable, the authority to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." Id.

The petitioner has been detained in the custody of respondents since September 25, 2006, **over 14 months**, and was ordered deported over 13 months ago, in October 2006. Petitioner's detention is beyond the reasonable detention period announced in Zadvydas, and release is mandated. Although petitioner was born in Jordan, he is a Palestinian refugee, whose parents sought refuge, but had no legal status, there. Jordan has refused to accept petitioner, as has Israel, both countries denying petitioner has a valid claim to nationality. Nor does petitioner have any historical, familial, or legal connections to Egypt, so ICE's efforts to secure travel documents to that country are doomed to failure.

There is no likelihood that petitioner's destination country, or any reasonable alternative destination, will grant patriation in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively

reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

## V.

## REQUESTED RELIEF

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

## VI.

## VERIFICATION

I, Mohammed Abuzir, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 11-20-07

_____
MOHAMMED ABUZIR
Petitioner

# Appendix A

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

In removal proceeding under section 240 of the Immigration and Nationality Act

File No: A95 700 812

In the Matter of:

Responsible: __Mr. Mohamed Rowhi ABUZIR__
AKA: Mohammed Rowhi ABUZIR; Mohammed ABUZIR; Mohammed ABUZIIER

__Mira Loma Facility 45100 N. 60th St. W. Lancaster, CA 93536__   __(661) 940-3555__
(Number, Street, City, State and Zip Code)                (Area Code and Phone Number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but deportable for the reasons stated below.

The Service Alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of Jordan and a citizen of Jordan;
3. You were admitted to the United States at Seattle, Washington, on September 15, 2003, as a nonimmigrant student to attend Cypress College in Cypress, California;
4. You did not carry a full course of study from September 15, 2003 to present.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law.

Section 237(a)(1)(C)(i) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you failed to maintain or comply with the conditions of the nonimmigrant status under which you admitted.

☐ This notice is being issued after an Asylum Officer has found that the respondent has demonstrated a credible fear of persecution

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an Immigration Judge of the United States Department of Justice at:
**DATE, TIME, AND PLACE TO BE SET**
(Complete Address of Immigration Court, including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
   (Date)            (Time)
charge(s) set forth above.

_____
Assistant Special Agent in Charge
(Signature and Title of Issuing Officer)

Date: __September 25, 2006__   Santa Ana, California
                              (City and State)

**See reverse for important information**

Form I-862(Rev. 4-1-97)

See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceeding.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witness presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during the proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the Immigration Judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an Immigration Judge.

_____
(Signature of respondent)

**Before:**

_____
(Signature and Title of INS Officer)

Date: _____

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[x] in person      [ ] by certified mail, return receipt requested      [ ] by regular mail

[ ] Attached is a list of organizations and attorneys which provide free legal services.

[x] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act

_____          _____
(Signature of Respondent if personally served)                  (Signature and Title of Officer)

# Appendix B

IMMIGRATION COURT
45100 60TH ST., WEST
LANCASTER, CA 93536

In the Matter of

Case No.: A95-700-812

ABUZIR, MOHAMED ROWHI
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on 10-30-06.
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to Jordan
    or in the alternative to .
[✓]  Respondent's application for voluntary departure was denied and
    respondent was ordered removed to, or in the
    alternative to .  Jordan
[ ]  Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to .

Respondent's application for:
[ ]  Asylum was ( ) granted ( ) denied ( ) withdrawn.
[ ]  Withholding of removal was ( ) granted ( ) denied ( ) withdrawn.
[ ]  A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn.
[ ]  Cancellation of removal under section 240A(a) was ( ) granted ( ) denied
    ( ) withdrawn.

Respondent's application for:
[ ]  Cancellation under section 240A(b)(1) was ( ) granted ( ) denied
    ( ) withdrawn. If granted, it is ordered that the respondent be issued
    all appropriate documents necessary to give effect to this order.
[ ]  Cancellation under section 240A(b)(2) was ( ) granted ( ) denied
    ( ) withdrawn. If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ]  Adjustment of Status under Section ____ was ( ) granted ( ) denied
    ( ) withdrawn. If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ]  Respondent's application of ( ) withholding of removal ( ) deferral of
    removal under Article III of the Convention Against Torture was
    ( ) granted ( ) denied ( ) withdrawn.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____

Date: Oct 30, 2006

ROBERT O. VICARS, JR.
Immigration Judge

Appeal: (Waived) Reserved   Appeal Due By:

ALIEN NUMBER: 95-700-812                ALIEN NAME: ABUZIR, MOHAMED ROWHI

---
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [✓] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: __10-30-00__  BY: COURT STAFF _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
---

Q6

(Domestic Violence)

# Appendix C



Office of Detention and Removal Operations
Los Angeles Field Office

U.S. Department of Homeland Security
300 N. Los Angeles, Street
Los Angeles, CA. 90012

**U.S. Immigration and Customs Enforcement**

**ABUZIR, Mohamed Rowhi**
c/o USICE Mira Loma Facility
45100 N. 60th Street West
Lancaster, CA 93536

A95 700 812

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

A review of your criminal history indicates that on November 10, 2005, you were found guilty of Receiving Know Stolen Property. On April 26, 2006, you were found guilty of Violation of a Court Order to Prevent Domestic Violence. Your criminal history has numerous contracts/arrests with law enforcement agencies. Although, in many of these contacts/arrests you were not formally charged your criminal behavior leads me to the conclusion, that you would be a danger to the community if released from custody. The Egyptian government is currently issuing travel documents for their nationals. Your removal appears to be imminent.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by <u>April 20, 2007</u>, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
Signature and Title of Deciding Official

3/27/07
Date

# Appendix D



Office of Detention and Removal Operations
U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

Mohamed Rowhi ABUZIR (A95700815)
C/O Immigration and Customs Enforcement
Los Angeles Field Office

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You are a native and citizen of Jordan/Palestine who entered the United States as a Non-immigrant in September 2003 at Seattle, WA. You have been convicted for Stolen Property, Probation Violation and Annoying Repeated Telephone Calls. On October 30, 2006 an Immigration judge ordered you removed from the United States.

A request for a travel document was submitted to Jordan and Egypt the process to verify your identity is ongoing. The governments of Jordan and Egypt regularly issue documents to effect the repatriation of its nationals. On January 29, 2007 a request for travel documents was submitted the countries of Jordan and Egypt of which both countries denied issuing travel documents on your behalf.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____ A/C CDU        Date 7/5/2007
Signature of HQPDU Director/Designated Representative

**ORIGINAL**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mohammed Abuzir
SAN DIEGO DETENTION CENTER (CCA), P.O. Box 439049
San Ysidro, CA 92143

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

'07 CV 2249 IEG (LSP)

**DEFENDANTS**
MICHAEL CHERTOFF, ET AL.

County of Residence of First Listed Defendant  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  (619) 557-5662
KAREN P. HEWITT, U.S. ATTY
ATTN: CIVIL PROCESS CLERK
880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | [X] 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS— Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | [X] 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE    DOCKET NUMBER

DATE 11-20-07    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____